## City of Joliet v. Mary Ann Adler, Ex'x.

1. MEASURE OF DAMAGES—*For Excavations and Changes of Grade in a Street.*—In a suit to recover for damages to property caused by an excavation and change of grade in a street, the true measure of damages is the difference between the fair cash market value of the property immediately before the improvement was made and unaffected by it, and the fair cash market value of the property immediately after the construction of the improvement, and as affected by it.

2. EVIDENCE—*As to Damages to Property Caused by Improvements in a Street.*—In a suit to recover for damages to property. caused by an excavation and change of grade in a street, a witness was asked whether the matters complained of had any effect upon the rental value of the property, and answered that it "wouldn't be so desirable to live in." *Held*, that while rental value is not an element in the estimation of damages in this class of cases, the question and answer could have done no harm.

3. SAME—*As to the Effect of Street Improvements on the Appearance of Property, in a Suit for Damages.*—In a suit to recover for damages to property caused by an excavation and change of grade in a street, a witness was permitted to testify as to how the appearance of the property was affected. *Held*, that all the elements which tended to affect the salable value of the property were proper matters for the consideration of the jury, and that under this rule the evidence was admissible.

4. PRACTICE—*Objections for Variance Should be Specific.*—The objection that there is a variance between the allegations and the proofs

City of Joliet v. Adler.

should be raised in the trial court, and the precise variance claimed to exist should be pointed out specifically so that the opposite party can have an opportunity to amend.·

**Trespass on the Case**, for injuries to property caused by an excavation and change of grade in a street. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

COLL McNAUGHTON, attorney for appellant.

C. W. BROWN, attorney for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case to recover for damages to property belonging to the estate of appellee's testator, abutting on Hickory street in the city of Joliet, by reason of an excavation and change of grade in said street, made by appellant. There was a trial by jury, resulting in a verdict and judgment in favor of appellee, for $500.

The grounds urged for a reversal are that the court erred in admitting incompetent evidence; that there was a variance between the declaration and the proofs, and that the court erroneously refused appellant's first and fifteenth instructions. Also that the damages are excessive.

On the trial of the cause a witness was asked whether or not the improvement complained of had any effect upon the rental value of the property in controversy, which question was objected to by appellant; the objection was overruled by the court and the witness permitted to answer, which he did by saying the property " wouldn't be so desirable to live in."

While rental value is not an element in the estimation of damages in this class of cases—the true measure of damages being the difference between the fair cash market value of the property immediately before the improvement was made and unaffected by it, and the fair cash market value of the property immediately after the construction of the

improvement, and as affected by it—yet the question allowed by the court to be answered could have done no harm, even if not strictly proper, and no serious objections can be urged to the answers, which only go to the extent of showing that the property was less desirable as a residence after the improvement of the street than before. No attempt was made, either by the questions or answers, to show the rental value of the property before and after the improvement, as a basis for the estimation of damages. We think the court did not commit any serious error in this matter.

The witness Seely was permitted, over appellant's objection, to testify as to how the excavation in Hickory street affected the appearance of the property, and this is complained of as error. We do not think the point is well taken. While the true measurement of damages is as above stated, yet all the elements which tend to affect the salable value of the property, it seems to us, are proper matters for the consideration of the jury, and with most people the appearance of property would have some influence upon their estimate of its value.

At the close of all the evidence, appellant asked a peremptory instruction directing a verdict in its favor.

It is now insisted that this instruction should have been given, because there was a variance between the allegations of the declaration and the proofs. The objection comes too late. A careful examination of the abstract fails to show that this question was raised in any manner in the court below, either by objections to evidence, by motion, or by instructions. The cases are numerous in which it has been held that in order to avail of a matter of this kind, the party objecting must have pointed out to the court below the precise variance claimed to have existed, so that the opposite party could have an opportunity to amend, as he would have had the right to do under our practice act. St. Clair Co. Ben. Society v. Fietsam, Adm'r, 97 Ill. 480; C., R. I. & Pac. Ry. Co. v. Clough, 134 Id. 594; Probst Con. Co. v. Foley, 166 Id. 31.

It is insisted that the court erred in refusing appellant's

first and fifteenth instructions. The first was a peremptory instruction to find the defendant not guilty, and was properly refused. All that was proper in the fifteenth instruction, refused, appears to have been embodied in other instructions given at the instance of appellant, and it was not error for the court to refuse it.

Upon the question of damages, there was a conflict in the evidence; the jury, however, not only saw and heard the witnesses, but by agreement of parties they went and viewed the premises for themselves, and this view the jury had the right to regard as evidence in the case. We can not say the damages were excessive.

Finding no material error in the record, the judgment will be affirmed.

Mr. Justice DIBELL took no part.